UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AEP RIVER OPERATIONS LLC | CIVIL ACTION NO. |
| VERSUS | |
| THE M/V INES CORRADO, ITS ENGINES, TACKLE, APPAREL, EQUIPMENT, FURNITURE, ACCESSORIES, APPURTENANCES, ETC., *IN REM*, GESTION MARITIME, *IN PERSONAM*, AND XYZ INSURANCE COMPANIES | JUDGE<br><br>MAG. JUDGE |

## **COMPLAINT**

The Complaint of AEP River Operations LLC against the M/V INES CORRADO, its engines, tackle, apparel, equipment, furniture, accessories, appurtenances, etc., *in rem*, Gestion Maritime, as the voyage charterer, owner *pro hac vice* and/or owner of the M/V INES CORRADO, *in personam*, and XYZ Insurance Companies, in a cause of collision, and tort, civil and maritime, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, respectfully avers, upon information and belief, as follows:

I.

At all times hereinafter mentioned, plaintiff, AEP River Operations LLC, was and is now are domestic corporation authorized to do and doing business within the State of Louisiana and within the jurisdiction of this Honorable Court.

II.

At all times hereinafter mentioned, plaintiff, AEP River Operations LLC was and now is the owner, owner pro hac vice, and/or operator of the Barge MEM 2357, a hopper barge,

that was at all times pertinent hereto tight, staunch, strong and in all respects seaworthy and stationary and properly moored at or near a fleet, located at or near Mile 121 A.H.P. of the Mississippi River in Jefferson Parish, Louisiana.

III.

At all times hereinafter mentioned, the M/V INES CORRADO was and now is a steel-hull, oceangoing bulk cargo carrier ship of foreign registry. The said vessel is now or will be during the pendency of the proceedings herein within the territorial jurisdiction of this Honorable Court.

IV.

At all material times, defendant, Gestion Maritme, is a foreign corporation doing business on the navigable waters of the State of Louisiana, and on information and belief, was the charterer, owner *pro hac vice* and/or owner of the M/V INES CORRADO.

V.

At all material times, XYZ Insurance Companies, were foreign insurance companies who provided protection and indemnity and/or general liability insurance to the Gestine Maritime, and/or the M/V INES CORRADO and, as such, can be sued pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. 22:655. The correct names of XYZ Insurance Companies will be substituted as soon as their true identities are ascertained.

VI.

On or about August 29, 2012, the M/V INES CORRADO allided with and caused damage to the stationary and properly moored Barge MEM 2357 causing and resulting in physical damage to the said barge and the barge's cargo.

Plaintiff reserves the right to amend and supplement this article of their Complaint

until such time as all the facts and circumstances surrounding this accident become more fully known.

VII.

The allision hereinabove described and all losses and damages as a result therefrom were in no way caused or contributed to by any fault, negligence or want of care on the part of plaintiff or anyone for whose acts plaintiff are or may be responsible. On the contrary, plaintiff avers that the allision and resulting damages were caused, in whole or in part, by the fault and neglect of the defendants and those in charge of the navigation and operation of the M/V INES CORRADO in the following particulars, among others, which will be shown at the trial of this cause:

The M/V INES CORRADO was unseaworthy;

a. The M/V INES CORRADO was in charge of persons who were careless, incompetent and inattentive to their duties;

b. The M/V INES CORRADO failed to remain safely in its berth or otherwise keep from drifting into and alliding with the stationary and properly moored Barge MEM 2357 and/or take precautions to prevent the incident complained of in light of the circumstances that existed and of which defendants and those in charge of the M/V INES CORRADO were or should have been aware;

c. The M/V INES CORRADO failed to keep or maintain a proper lookout; and

d. The M/V INES CORRADO failed to maintain a proper course and/or position, and negligently came into allision with the aforesaid barges.

Plaintiff reserves the right to amend and supplement this article of the Complaint to

specify such other and further or different faults and negligence as evidence may disclose.

VIII.

Plaintiff specifically pleads the doctrine of *res ipsa loquitur* and all facts, laws and legal presumptions which arise from the fact that defendants were in exclusive control of the instrumentality causing damages to plaintiff, and the allision is the type of casualty which would not have occurred in the absence of fault and negligence by defendants.

IX.

As a result of the above described casualty, plaintiff has sustained damages and losses to its Barge MEM 2357, including, but not limited to, physical damage and costs of repairs and/or replacement, damage and/or loss to the cargo(s) within the said Barge MEM 2357, barge shifting and pumping expenses, stevedoring expenses and/or salvage costs, surveying fees and expenses, loss of use and down time, contingent liabilities which plaintiff will or may face, loss of use, and other miscellaneous expenses, damages and/or losses which plaintiff has or may incur as a direct and/or consequential result of the incident referred to herein in an amount believed to reach or exceed , as can best presently be estimated at this time, no part of which has been paid or secured despite due demand therefor.

Plaintiff reserves the right to supplement and amend these pleadings to increase the amount of damages, should the same be necessary.

X.

Plaintiff specifically avers that it is further entitled to indemnity and/or reimbursement and/or restitution and/or recovery over or, alternatively, contribution from defendants, including the M/V INES CORRADO, for such contingent liabilities and/or for any judgment

which may be rendered against plaintiff for damages sustained by other parties and/or for any and all sums paid or incurred by plaintiff by way of settlement, judgment or otherwise in connection with such damages and/or arising out of the incident sued upon.

XI.

Plaintiff further prays for all damages, attorneys' fees, costs and pre-judgment and post-judgment interest.

XII.

Plaintiff further avers that there may be additional contingent claims resulting from the aforementioned casualty, and seek recovery over and against the M/V INES CORRADO and all defendants herein for any such sums.

XIII.

The aforesaid damages were in no way caused by the fault of plaintiff. Plaintiff reserves the right to amend this Complaint to add additional parties and their insurers if further discovery reveals the involvement of any such parties.

XIV.

All and singular, the parties of this Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

**WHEREFORE**, plaintiff, AEP River Operations LLC, prays that process in due course of law, according to the rules and practices of this Honorable Court in causes of admiralty and maritime jurisdiction, issue against the M/V INES CORRADO, its engines, tackle, apparel, furniture, accessories, appurtenances, etc., *in rem*, and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters aforesaid; that after due proceedings had, plaintiff has a judgment for

their damages as above set forth with interest, costs and attorneys fees, and that plaintiff may have a decree establishing their maritime tort lien for all damages, costs, expenses, attorneys' fees and interest (pre-judgment and post-judgment) against the M/V INES CORRADO; and that the vessel be condemned and sole to satisfy plaintiff's judgment, in preference and priority to all other claims.

Plaintiff further prays for judgment against Gestion Maritime and XYZ Insurance Companies, for the amount of all sums claimed herein, and for indemnification and/or reimbursement and/or restitution and/or recovery over for any sums plaintiff may pay or be required to pay to others, by way of settlement, judgment or otherwise, as aforementioned, and for all interest (pre-judgment and post-judgment), costs and attorneys' fees.

Plaintiff further prays for such other and further relief as may be proper and this Honorable Court is competent to grant.

Respectfully submitted,

/s/C. William Emory
C. WILLIAM EMORY (Bar #20179)
ADAM P. SANDERSON (Bar #31312)
TREVOR CUTAIAR (Bar #33082)
MOULEDOUX, BLAND, LEGRAND & BRACKETT, L.L.C.
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
Telephone:   504/595-3000
Facsimile:    504/522-2121
Attorneys for plaintiff, AEP River Operations LLC
Complaint MV INES CORRADO.wpd

**UNITED STATES MARSHAL, PLEASE SERVE:**

Master or Other Executive Officer of
the M/V INES CORRADO, at the ARTCO-
Canizaro Fleet, located at or near Mile 121 AHP
in the Mississippi River, near Destrehan, Louisiana